UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RONNIE G. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:08CV15 MLM |
| ) | |
| UNKNOWN COUSINS, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Ronnie Brooks (registration no. 329491), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.65. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $118.25, and an average monthly balance of $34.70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Specifically, plaintiff alleges that he was unfairly issued a conduct violation for purportedly making false statements to a corrections officer. He additionally alleges that he was denied due process during the prison disciplinary proceedings regarding the conduct violation in that several of his requests were refused. The requests included: 1) that the charging officer be present as a witness; 2) that a surveillance tape be presented as evidence; 3) that a recording device be made available to tape the proceedings to "preserve" the record for appeal; and 4) that a three member panel conduct the disciplinary proceeding. Plaintiff does not allege that his requests were denied as a result of an unconstitutional policy or practice; only that the requests were

denied in the course of the disciplinary proceedings and upheld during the appellate process. Plaintiff lastly complains that as a result of being found guilty of the conduct violation he was placed in administrative segregation. He does not, however, claim that he was subjected to any atypical or undue hardships while in administrative segregation.

Named as defendants are: Unknown Cousins (correctional officer), Unknown Hayes (correctional officer), Lyle Bales (caseworker), Dennis Allen (Unit Manager), Sherry Dunseith (Deputy Warden) and Patricia Cornell (Deputy Director, Missouri Department of Corrections). Plaintiff seeks both monetary and injunctive relief

## Discussion

At the outset, the Court does not believe that plaintiff has established a *prima facie* case under 42 U.S.C. § 1983. In order to do so, he must allege that the action occurred under color of law and that the action was a deprivation of a constitutional or federal statutory right. Plaintiff's complaints simply do not rise to the level of a constitutional violation. In order to prevail on a due process claim, the plaintiff must first show that he was deprived of life, liberty or property by government action. *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998). Plaintiff has not alleged that he was deprived of life or property, and he has not identified a liberty interest which

sustains his due process claim. The Supreme Court laid out the test for determining liberty interests in a prison setting in *Sandin v. Conner*, 515 U.S. 472 (1995):

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

In order to determine whether an inmate possesses a liberty interest, a court must compare the conditions to which the inmate was exposed in segregation with those he or she could "expect to experience as an ordinary incident of prison life." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). A court does not, however, consider the procedures used to confine the inmate in segregation. *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003) *citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("If Kennedy has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined.") Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *See, e.g., Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (same; four days locked in housing unit, thirty days in disciplinary

segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest level disciplinary detention and 107 days of less-restrictive disciplinary detention). As a result, plaintiff's due process claim fails.[1]

Moreover, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming

---

[1]Although plaintiff asserts that he believes that defendants' purported actions additionally violated the Eighth Amendment, he has not articulated any facts supporting his claim or even mentioned any specific conditions that amounted to "cruel and unusual" punishment. *See, e.g., Phillips*, 320 at 848 (noting that in order to show a violation of the Eighth Amendment, a prisoner must allege an "unnecessary and wanton infliction of pain" as well as a deprivation "denying the minimal civilized measure of life's necessities" and further discussing the different types of conditions in administrative segregation that arise to the level of a violation of the Eighth Amendment).

the government entity that employs the official. To state a claim against a governmental entity or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Moberly Correctional Center or the Department of Corrections was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of March, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE